# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLYN MICAH DANIELS,

    *Plaintiff*,

vs.

D. NEVEN*, et al.,*

    *Defendants*.

2:09-cv-01906-RLH-RJJ

ORDER

    This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for initial review of the amended complaint (#11) under 28 U.S.C. § 1915A.

    Plaintiff's amended complaint includes numerous words and passages, principally in the nature of the case and the first three counts, that are marginally legible to completely illegible. In addition, plaintiff has included an "addendum" on page 4A of the pleading that makes no sense and an "affidavit" on page 4B that is unnecessary.

    With regard to legibility, neither the original nor the second amended complaint reflects that the pleadings were prepared by someone other than plaintiff. The handwriting used in the original complaint was legible. Plaintiff used a different handwriting in the current pleading that included numerous words and passages that are illegible. In these passages, plaintiff used a much smaller print in an entirely different style that varies from only marginally legible to illegible, presenting many words as a set of largely indistinguishable parallel lines.

    The Court does not have the time and resources to attempt to reconstruct the allegations in substantial portions of a pleading word by word. Further, if a pleading is served

1 for a response upon the defendants, their counsel also will not have the time and resources
2 to attempt to reconstruct allegations of a pleading word by word.

3     Plaintiff, who is the party attempting to state a claim for relief, needs to take the time
4 to write his allegations in a handwriting that is readily legible throughout. Plaintiff should
5 emphasize readability over stylistic flourish. At bottom, the Court needs to be able to read
6 what is alleged. If plaintiff fails to present his allegations in a legible handwriting, he literally
7 will have failed to state a claim upon which relief may be granted.

8     Accordingly, any writing in the amended complaint filed in response to this order that
9 is not readily legible simply will be ignored. If the remaining legible allegations fail to correct
10 the deficiencies identified in the prior screening order (#8) and otherwise fail to state a claim,
11 final judgment will be entered dismissing the case.

12     With regard to the addendum, it is not entirely clear what plaintiff is attempting to do
13 with the page. The addendum scatters seven numbered statements around the page.
14 Plaintiff needs to set forth his allegations supporting each count within the count itself, in a
15 narrative form where the significance and context of the allegations are clear. He shall not
16 include pages – such as the addendum – in the body of the complaint that are not part of the
17 narrative allegations supporting a claim for relief.

18     With regard to the "affidavit," which was not executed before a notary, a declaration
19 under penalty of perjury is set forth immediately above the signature line on the last page of
20 the pleading. No further affidavit, verification, or declaration is necessary for plaintiff to attest
21 that the allegations of the pleading are true and correct. Plaintiff, again, shall not include
22 pages – such as the purported affidavit – in the body of the complaint that are not part of the
23 narrative allegations supporting a claim for relief.

24     IT THEREFORE IS ORDERED that plaintiff shall have thirty (30) days within which to
25 file a third amended complaint written in legible handwriting and otherwise complying with this
26 order. If plaintiff fails to file a timely amended complaint that fully complies with this order,
27 fails to correct the deficiencies identified in the prior screening order (#8), and/or otherwise
28 fails to state a claim, final judgment will be entered dismissing this action.

1  IT FURTHER IS ORDERED that plaintiff shall clearly title the amended complaint as an amended complaint by placing the words "THIRD AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-01906-RLH-RJJ, above the words "THIRD AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk of Court shall provide plaintiff with a copy of #11 together with three copies of a Section 1983 complaint form.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

DATED: April 25, 2011.

_____
ROGER L. HUNT
Chief United States District Judge